UNITED STATES BANKRUPTCY COURT

Northern District of New York

In re: **Daniel Camileo**
**8450**

Case No.
Chapter **13**

# CHAPTER 13 PLAN

## NOTICE

THIS PLAN CONTAINS EVIDENTIARY MATTER WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED BY THE COURT AS TRUE. CREDITORS CANNOT VOTE ON THIS PLAN BUT MAY OBJECT TO ITS CONFIRMATION PURSUANT TO BANKRUPTCY CODE § 1324, AND LOCAL RULES. ABSENT ANY SUCH OBJECTION, THE COURT MAY CONFIRM THIS PLAN AND ACCEPT THE VALUATION AND ALLEGATIONS CONTAINED HEREIN.

The Debtor(s) above named hereby proposes the following plan.

1. Debts. All debts are provided for by this Plan. Only creditors holding claims duly proved and allowed shall be entitled to payments from the Trustee. (See Notice of Filing of Bar Date.) Trustee shall not file a claim on behalf of any creditor.

2. Payments. As of the date of this plan, the debtor has paid **$0.00** to the Trustee. Debtor and/or any entity from whom the debtor(s) receive income shall pay to the Trustee the sum of **$250.00 Monthly,** commencing _____, for **60** months for a total of **$15,000.00** or until such amounts are paid that will afford payment of all allowed and proven claims in the amounts payable under this Plan.

Graduated Payments:   BEGIN MONTH   # OF MONTHS   ADJUSTMENT

3. Plan Payments. The Trustee, from available funds, shall make payments to creditors in the following amounts and order. All dates for beginning of payments are estimates only and may be adjusted by the Trustee as necessary to carry out the terms of this plan.

A. DEBTOR'S ATTORNEY

| DEBTOR'S ATTORNEY | FEE REQUESTED | PAID TO DATE | BALANCE DUE | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| | | | | --- PAYMENT SCHEDULE --- | | | |
| **Michael J. O'Connor, Esq.** | 3,490.00 | 0.00 | 3,490.00 | 232.67 | 1 | 15 | 3,490.00 |

B. Mortgage Arrears. (Regular monthly payments to be made by Debtor and to start on the first due date after date of filing petition.)

| CREDITOR | RATE | ARREARS | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| | | | --- PAYMENT SCHEDULE --- | | | |
| **NONE** | | | | | | |

C. Secured Claims. (A creditor's secured claim shall be the net amount due as of date of filing or the value of the collateral to which creditor's lien attaches, whichever is less. Interest shall be allowed at contract rate or **12.00%** APR whichever is less. Creditor shall retain its lien until the allowed secured portion of the claim is fully paid.)

| CREDITOR & COLLATERAL | RATE | CLAIM | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| | | | --- PAYMENT SCHEDULE --- | | | |
| i. Secured Claims - Paid in full | | | | | | |
| **Capital One/2005 Chrysler 300 M** | 5.00% | 8,990.00 | 239.47 | 17 | 44 | 10,536.58 |
| ii. Secured Claims - Cure default only | | | | | | |
| **NONE** | | | | | | |

In re: **Daniel Camileo**
**8450**

Case No.
Chapter **13**

D. <u>Priority Claims.</u> (Unsecured claims entitled to priority under 11 U.S.C. § 507 shall be paid in full as follows.)

| CREDITOR | PRIORITY CLAIM | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| **Internal Revenue Service** | 350.00 | 116.67 | 15 | 3 | 350.00 |

E. <u>Separate Class of Unsecured Claims.</u> (May include co-signed debts as provided for by 11 U.S.C. § 1301, including interest at contract rate.)

| CREDITOR & CLASSIFICATION | RATE | UNSECURED CLAIM | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| **NONE** | | | | | | |

F. <u>Unsecured Creditors.</u> (All other creditors not scheduled above are deemed unsecured without priority and shall be paid pro rata from funds remaining after payment of above scheduled claims. Debtor estimates the unsecured claims to total $ **45,027.00,** and proposes to provide at least $ **0.34** which will pay in full said creditors' claims, or in no event, provide a composition percentage of less than **0.00%**. (Funds Provided/Unsecured Claims)

G. <u>Lien Avoidance.</u> (Debtor intends to file a motion, pursuant to Bankruptcy Rule 4003(d) to avoid all nonpossesssory, nonpurchase money security interests and judicial liens as provided by 11 U.S.C. § 522(f), and the plan herein provides for payment of such liens as general unsecured claims only. Any creditors' claim or portion thereof not listed in paragraph C above is to be treated as unsecured and, unless objected to, such unsecured status, for purposes of this plan, will be binding upon confirmation, but the lien shall survive unless avoided.

H. <u>Leases and Contracts.</u> The Debtor hereby assumes the following unexpired leases and executory contracts, and rejects all others.

| NAME OF CREDITOR | DESCRIPTION |
|---|---|
| **NONE** | |

I. <u>Miscellaneous Provisions.</u>

**Mortgage payment was $2,015.00/month. The mortgage was modified 1-27-10. The new payment is $1,344.00 and 1 1/2 years of arrears was included in the modified mortage**

4. <u>Secured Claims - Paid directly by debtor(s).</u> The following creditors' claims are fully secured, shall be paid directly by the debtors, and receive no payments under paragraph 3 above:

| CREDITOR | COLLATERAL | MARKET VALUE | AMOUNT OF CLAIM |
|---|---|---|---|
| **Citimortgage** | **Wright Ave Schenectady, NY** | 150,000.00 | 165,000.00 |

5. <u>Future Income.</u> Debtor(s) submits all future earnings or other future income to such supervision and control of the Trustee as is necessary for the execution of this Plan.

6. <u>Standing Trustee Percentage Fee.</u> Pursuant to 28 U.S.C. § 586(e)(B), the Attorney General, after consultation with the United States Trustee, sets a percentage fee not to exceed ten percent of payments made to creditors by the Trustee under the terms of this Plan.

In re: **Daniel Camileo**
8450

Case No.
Chapter **13**

## SUMMARY AND ANALYSIS OF PLAN PAYMENTS TO BE MADE BY TRUSTEE

A. Total debt provided under the Plan and administrative expenses

| | |
|---|---:|
| 1. Attorney Fees | 3,490.00 |
| 2. Mortgage Arrears | 0.00 |
| 3. Secured Claims | 10,536.58 |
| 4. Priority Claims | 350.00 |
| 5. Separate Class of Unsecured Claims | 0.00 |
| 6. All other unsecured claims | 0.34 |
| Total payments to above Creditors | 14,376.92 |
| Trustee percentage | 575.08 |
| * Total Debtor payments to the Plan | 15,000.00 |

\* Total payments must equal total of payments set forth in paragraph 2 on page 1 of this Plan.

B. Reconciliation with Chapter 7

1. Interest of unsecured creditors if Chapter 7 filed

| | |
|---|---:|
| a. Total property of debtor | 165,240.00 |
| b. Property securing debt | 158,990.00 |
| c. Exempt property | 3,875.00 |
| d. Priority unsecured claims | 350.00 |
| e. Chapter 7 trustee fee | 506.25 |
| f. Funds for Chapter 7 distribution (est.) | 1,518.75 |

2. Percent of unsecured, nonpriority claims paid under Plan — 0.00

3. Percent of unsecured, nonpriority claims paid if Chapter 7 filed (est.) — 4.50

Attorney for Debtor(s):
**Michael J. O'Connor, Esq.**
601055

**O'Connor, O'Connor, Bresee, First**
20 Corporate Woods Blvd.
Albany, NY 12211

Phone: **518-465-0400**
Fax: **518-641-7000**

Signed: _____
Michael J. O'Connor, Esq.

Signed: _____
Daniel Camileo, Debtor

Dated: _____

1. In the event the debtor owns a car, if that was purchased within 910 days of the filing date of the petition, and that vehicle is used for the personal use of the debtor, and the debtor seeks to surrender the vehicle to a secured creditor, the surrender of the vehicle shall be in full satisfaction of the secured creditors claim. There will be no unsecured deficiency claim paid by the debtor in accordance with 11 U.S.C. § 1325(a)(5), and the "hanging" paragraph contained therein. In Re: Carter 2008WL410275 U.S. District Court MDFL 2/11/2008.

2. In the event a 11USC 362 order is entered pre confirmation and the confirmed plan provides for a cure of arrears the 11USC362 stay shall be reimposed upon confirmation.

3. Failure to object to a proof of claim within 90 days after the service of a motion to allow claims will not prevent the debtor from filing a 11USC502 motion at any time prior to the closing of the case. Failure to indicate that a debt is disputed, contingent or unliquidated will not prevent the debtor from asserting those issues upon the filing of a 11 USC 502 motion.

4. *Postpetition Mortgage Payments.* Payments received by holders and/or servicers of mortgage claims for ongoing postpetition installment payments shall be applied and credited to the debtors' mortgage account as if the account were current and no prepetition default existed on the petition date in the order of priority specified in the note and security agreement and applicable nonbankruptcy law. Postpetition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

5. *Postpetition Payment Changes.* Holders and/or servicers of mortgage claims shall make adjustments of mortgage claims shall make adjustments to the ongoing installment payment amount as required by the note and security agreement and applicable nonbankruptcy law, including changes based on an escrow analysis for amounts required to be deposited in any escrow account or based on an interest rate provision in the adjustable rate mortgage. Holders and/or servicers shall timely notify the debtors, debtors' attorney and trustee of such payment adjustments and any shortage, deficiency or surplus of funds in any escrow account.

6. *Prepetition arrears.* Payments disbursed by the trustee to holders and/or servicers of mortgage claims shall be applied and credited only to the prepetition arrearages necessary to cure the default, which shall consist of amounts listed on the allowed proof of claim and authorized by the note and security agreement and applicable nonbankruptcy law. Holders and/or servicers of mortgage claims shall deem the prepetition arrearages as contractually current upon confirmation of the plan.

7. *Mortgage Current upon Discharge.* The holder and/or servicer of a mortgage claim shall provide to the debtors, debtors' attorney and trustee a notice of any fees, expenses, or charges which have accrued during the bankruptcy case on the mortgage account and which the holder and/or servicer contends are 1) allowed by the note and security agreement and applicable nonbankruptcy law, and 2) recoverable against the debtors or the debtors' account. The notice shall be sent annually, beginning within 30 days of the date one year after entry of the initial plan confirmation order, and each year thereafter during the pendency of the case, with a final notice sent within 30 days of the filing of the trustee's final account under Bankruptcy Rule 5009. The failure of the holder and/or servicer to give such notice for any given year of the case's administration shall be deemed a waiver for all purposes of any claim for fees, expenses or charges accrued during the year.